NOS. 12-14-00051-CR
12-14-00052-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *MICHAEL ANGEL GARZA,* <br> *APPELLANT* | § | *APPEALS FROM THE* |
| *V.* | § | *COUNTY COURT AT LAW #2* |
| *THE STATE OF TEXAS,* <br> *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

*MEMORANDUM OPINION*
*PER CURIAM*

Michael Garza appeals two convictions of misdemeanor theft following the revocation of his deferred adjudication community supervision, for which he was sentenced to confinement for one hundred eighty days in each cause. Appellant's counsel filed a brief in compliance with *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967) and *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969). We affirm.

## BACKGROUND

Appellant was charged by information in two separate causes with theft of property valued between fifty and five hundred dollars. Appellant pleaded "guilty" in each instance. The trial court deferred finding Appellant "guilty" and placed him on community supervision for two years in each cause.

Subsequently, the State filed motions to revoke Appellant's community supervision in each cause alleging that Appellant had violated certain terms and conditions thereof. A hearing was conducted on the State's motions, and Appellant pleaded "true" to the violations alleged therein. At the conclusion of the hearing, the trial court found that Appellant had violated the terms and conditions of his community supervisions as alleged in the State's motions.

Thereafter, the trial court revoked Appellant's community supervisions, adjudicated him "guilty" of theft as charged in each information, and sentenced him to confinement for one hundred eighty days in each cause. This appeal followed.

## ANALYSIS PURSUANT TO *ANDERS V. CALIFORNIA*

Appellant's counsel filed a brief in compliance with *Anders v. California* and *Gainous v. State*. Appellant's counsel states that he has diligently reviewed the appellate record and is of the opinion that the record reflects no reversible error and that there is no error upon which an appeal can be predicated. He further relates that he is well acquainted with the facts in this case. In compliance with *Anders, Gainous*, and *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978), Appellant's brief presents a chronological summation of the procedural history of the case and further states that Appellant's counsel is unable to raise any arguable issues for appeal.[1] We have likewise reviewed the record for reversible error and have found none.

## CONCLUSION

As required by *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991), Appellant's counsel has moved for leave to withdraw. *See also **In re Schulman***, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig. proceeding). We carried the motion for consideration with the merits. Having done so and finding no reversible error, Appellant's counsel's motion for leave to withdraw is hereby **granted** and the trial court's judgment is **affirmed**.

As a result of our disposition of this case, Appellant's counsel has a duty to, within five days of the date of this opinion, send a copy of the opinion and judgment to Appellant and advise him of his right to file a petition for discretionary review. *See* TEX. R. APP. P. 48.4; ***In re Schulman***, 252 S.W.3d at 411 n.35. Should Appellant wish to seek review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review on his behalf or he must file a petition for discretionary review pro se. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that was overruled by this court. *See* TEX. R. APP.

---

[1] Counsel for Appellant states in his motion to withdraw that he provided Appellant with a copy of this brief. Appellant was given time to file his own brief in this cause. The time for filing such a brief has expired, and no pro se brief has been filed.

P. 68.2.  Any petition for discretionary review must be filed with the Texas Court of Criminal Appeals.  *See* TEX. R. APP. P. 68.3(a).  Any petition for discretionary review should comply with the requirements of Texas Rule of Appellate Procedure 68.4.  *See **In re Schulman***, 252 S.W.3d at 408 n.22.

Opinion delivered April 15, 2015.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**APRIL 15, 2015**

**NO. 12-14-00051-CR**

**MICHAEL ANGEL GARZA,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

---

Appeal from the County Court at Law No 2

of Smith County, Texas (Tr.Ct.No. 002-81506-12)

---

THIS CAUSE came to be heard on the appellate record and brief filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

### APRIL 15, 2015

### NO. 12-14-00052-CR

**MICHAEL ANGEL GARZA,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the County Court at Law No 2

of Smith County, Texas (Tr.Ct.No. 002-83977-12)

THIS CAUSE came to be heard on the appellate record and brief filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*